## THE JOHN G. McCULLOUGH.

## THE BEGONIA.

(Circuit Court of Appeals, Fourth Circuit. December 12, 1916.)

### No. 1463.

1. COLLISION ☞74—MOVING AND ANCHORED VESSEL—INEFFICIENT LOOKOUT.
   A finding by the trial court that a collision in Chesapeake Bay at night between an anchored and a moving vessel was due solely to the fault of the moving vessel for failing to keep a proper lookout *held* sustained by the evidence.

   [Ed. Note.—For other cases, see Collision, Cent. Dig. § 104; Dec. Dig. ☞74.]

2. COLLISION ☞75—MOVING AND ANCHORED VESSEL—ANCHOR LIGHTS.
   That the stern light of a vessel anchored at night was not more than 10 feet lower than the forward light, instead of 15 feet, as required by the Inland Rules (Act June 7, 1897, c. 4, § 1, art. 11, 30 Stat. 98 [Comp. St. 1913, § 7884]), is not sufficient to charge her with fault for a collision with a moving vessel, where the evidence showed that the lights were otherwise in proper position, were burning brightly, and could be seen for a long distance.

   [Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 105–121, 207; Dec. Dig. ☞75.]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Suit in admiralty for collision by Joseph Robinson, master of the British steamship Begonia, against the American steamship John G. McCullough, Lars P. Nelson, master, with cross-libel against the Begonia. Decree against the McCullough, and her claimant appeals. Affirmed.

For opinion below, see 232 Fed. 637.

T. Catesby Jones, of New York City (Harrington, Bigham & Engler, of New York City, and J. W. Willcox, of Norfolk, Va., on the brief), for appellant.

Leon T. Seawell, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

KNAPP, Circuit Judge. On December 3, 1915, about half past 3 in the morning, in the lower Chesapeake Bay, there was a collision between the British steamship Begonia, lying at anchor, and the American steamship John G. McCullough, bound for Hampton Roads. The master of each vessel claimed that the other was at fault, and both of them promptly filed libels for damages. The cases were tried together, and a decision rendered exonerating the Begonia and holding the McCullough solely responsible for the accident. From the decree which followed this appeal is taken.

[1] Two questions are presented. On behalf of the McCullough it is alleged that the Begonia was anchored in an unusual, if not unlawful, place, in the path of vessels coming in from the Capes, and that she did not display such lights or maintain such a watch as to give proper warning to other vessels which might approach her in the nighttime. On behalf of the Begonia these allegations are denied, and blame is charged upon the McCullough for neglecting to keep a proper lookout, and so failing to discover the Begonia in time to avoid a collision. This was the main issue litigated at the trial. Upon conflicting testimony the court below decided this issue in favor of the Begonia. Without reviewing the evidence, it is sufficient to say that the findings of the learned and experienced judge who heard the case are amply supported by testimony, and that no adequate reason appears for disagreeing with his conclusion.

The other ground for reversal is based upon article 11 of the Act of Congress of June 7, 1897, chapter 4, 30 Stat. at Large, 98 (Comp. St. 1913, § 7884), which provides that a vessel of 150 feet or upwards in length, as was the Begonia, "shall carry in the forward part of the vessel, at a height of not less than twenty and not exceeding forty feet above the hull, one such light, and at or near the stern of the vessel, and at such a height that it shall be not less than fifteen feet lower than the forward light, another such light." It is argued that the Begonia was not so lighted at the time of the accident, and therefore the appeal should be sustained.

There are two answers to this contention. In the first place, we are of opinion that the meager and indefinite testimony upon this point is not sufficient to overcome the presumption that the Begonia complied with the law by lights displayed and arranged according to the prescribed requirements. The difference in height of the Begonia's anchor lights was only incidentally alluded to by the witnesses who mentioned it at all, and it is evident that their statements in that regard had reference to the general appearance and position of the lights, and not to any distinct contention that one of them was less than 15' feet lower than the other. In other words, the precise question now raised was not in open dispute at the trial, and therefore takes on at this time the appearance of an afterthought. True, the appellant's libel alleges that "the anchor lights of the Begonia were not properly set," and this was, of course, enough to permit evidence of a violation of the statute; but it is plain from the averments as a whole, as well as from the range of testimony, that this was not the real ground upon which liability was predicated. If it was intended to rely upon a disregard of the statutory obligation in this respect, we think the appellant should have been prepared to give more positive proof upon an issue which, although formally embraced in the pleadings, was not actually the subject of controversy at any stage of the trial. That this specific default was not then brought forward is further shown by examination of the record, and by the fact that the matter is not referred to in the opinion of the court below. This being so, it seems clear to us that the incidental utterances of one or two witnesses, who appear to have testified without having the point in mind, and whose

statements at best are quite inconclusive, should not now be allowed to outweigh the presumption that the lights of the Begonia complied with the statute.

[2] In the second place, and on the assumption that the difference in height of the two lights was somewhat less than 15 feet, it is impossible to believe that this difference caused or contributed in any way to the accident which happened. It is virtually admitted by appellant that one of the lights in question was at least 10 feet higher than the other, and that both were otherwise in proper position. To say that the lookout of the McCullough failed to discover the presence of the Begonia for the sole reason that one of her lights was only about 10 feet above the other, and that he would have made the discovery if the difference had been 15 feet, is to advance a proposition which finds no support in any legitimate inference from the testimony, and which is discredited by all the circumstances of the case. The fact that two pilots, who brought in vessels about the same time, and who were near the scene of the collision when it occurred, testified that the lights of the Begonia were burning brightly, that they had no trouble in seeing them, one of them saying that they could be seen 5½ miles away, and that they also saw the lights of other craft in the immediate vicinity, which the lookout of the McCullough says he did not see, tends strongly, in our judgment, to support the conclusion that the accident in question is attributable to the failure of the McCullough to have a competent and efficient lookout, and that reasonable precaution on the part of those in charge of that vessel would have discovered the presence of the Begonia in ample time to avoid collision.

Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.